RENDERED:  NOVEMBER 19, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-1623-MR

RHONDA M. WILSON                                                APPELLANT


APPEAL FROM BOYLE CIRCUIT COURT
v.        HONORABLE DARREN W. PECKLER, JUDGE
ACTION NO. 19-CI-00276


SARAH S. HOLT AND TOMMY
OWENS USED CARS, LLC                                      APPELLEES


OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  GOODWINE, K. THOMPSON, AND L. THOMPSON, JUDGES.

GOODWINE, JUDGE:  Rhonda M. Wilson ("Wilson") appeals from an order of

the Boyle Circuit Court granting summary judgment in favor of Tommy Owens

Used Cars, LLC ("Used Cars").  Based on our review, we reverse and remand.

This case arose out of a car accident between Wilson and Sarah S.

Holt ("Holt").  On October 14, 2016, Trevor Tarter ("Tarter") purchased a car from

Used Cars via a conditional sales contract.  Upon purchasing the car, Tarter signed

a document titled "Agreement to Provide Physical Damage Insurance." The agreement included spaces for the purchaser to list his contact information, information about the car, the insurance agent, and the insurance company. Although Tarter signed the agreement, acknowledging he "ha[d] arranged for the required insurance through the insurance company shown below," Tarter did not provide the information of an insurance agent or insurance company.

On July 27, 2017, Holt was operating the car Tarter purchased via the conditional sales contract on U.S. Highway 150 in Boyle County when the car collided with Wilson's car. At the time of the accident, the dealer held the title to the car.

Following the accident, Wilson filed a complaint against Holt, Used Cars, and State Farm Mutual Automobile Insurance Company. Upon filing a motion for summary judgment, the circuit court dismissed State Farm from the suit pursuant to an order entered March 6, 2020.

On September 14, 2020, Used Cars moved for summary judgment arguing Tarter was deemed the owner of the car under KRS[1] 186.010(7)(a) and (b), even though Used Cars still held title to the car. Wilson opposed the motion arguing Used Cars failed to consider KRS 186.010(7)(c), which requires dealers to comply with the requirements of KRS 186A.220, for Tarter to be deemed to be the

---

[1] Kentucky Revised Statutes.

owner of the car for statutory purposes. KRS 186A.220 requires dealers to obtain

proof of insurance from the purchaser, and Used Cars failed to obtain proof that

Tarter had an insurance policy covering the car. Wilson argued, because Used

Cars failed to obtain proof of insurance, Used Cars was deemed to be the owner of

the car and was liable for the collision.

After hearing argument from the parties, the circuit court granted

summary judgment in favor of Used Cars. The circuit court found Used Cars

substantially complied with the statute because Used Cars submitted the agreement

under which Tarter averred he had an insurance policy covering the car. This

appeal followed.

On appeal, Wilson argues Used Cars failed to comply with KRS

186A.220, so the circuit court erred in granting summary judgment. "Because

summary judgments involve no fact finding, this Court will review the circuit

court's decision *de novo*." *Gainsco Companies v. Gentry*, 191 S.W.3d 633, 638

(Ky. 2006).

KRS 186.010(7) provides:

(a) "Owner" means a person who holds the legal title of a
vehicle or *a person who pursuant to a bona fide sale has
received physical possession of the vehicle subject to any
applicable security interest*.

(b) A vehicle is the subject of an agreement for the
conditional sale or lease, with the vendee or lessee
entitled to possession of the vehicle, upon performance of

the contract terms, for a period of three hundred sixty-five (365) days or more and with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, or if a mortgagor of a vehicle is entitled to possession, the conditional vendee or lessee or mortgagor shall be deemed the owner.

(c) A licensed motor vehicle dealer who transfers physical possession of a motor vehicle to a purchaser pursuant to a bona fide sale, and complies with the requirements of KRS 186A.220, shall not be deemed the owner of that motor vehicle solely due to an assignment to his dealership or a certificate of title in the dealership's name. Rather, under these circumstances, ownership shall transfer upon delivery of the vehicle to the purchaser, subject to any applicable security interest[.]

(Emphasis added.)

Additionally, KRS 186A.220(5)(b) provides:

The dealer may, with the consent of the purchaser, deliver the assigned certificate of title, and other appropriate documents of a new or used vehicle, directly to the county clerk, and on behalf of the purchaser, make application for registration and a certificate of title. In so doing, *the dealer shall require from the purchaser proof of insurance* as mandated by KRS 304.39-080 before delivering possession of the vehicle.

(Emphasis added.)

In *Gainsco*, the Supreme Court of Kentucky addressed the proof of insurance requirement in KRS 186A.220(5)(b). There, the dealer knew the buyer had an insurance policy on other cars he owned, and the dealer assumed the

-4-

insurance policy covered the newly purchased car too. *Gainsco*, 191 S.W.3d at 637. Our Supreme Court held mere knowledge that the buyer had an insurance policy covering past purchased vehicles was not sufficient "proof of insurance" to satisfy the statute regarding the purchase of a new car. *Id.* The Court explained the dealer's failure to "strictly comply with the statutory procedures of KRS 186A.220(5)" resulted in failure "to validly transfer ownership of the truck to" the purchaser. *Id.* Thus, the Court determined the dealer's insurer was "the primary insurer of the car because [the dealer] continued to be the owner of the truck at the time of the accident. The fact that [the purchaser's] insurance policy would have covered the vehicle if he had become the owner is, therefore, completely irrelevant[.]" *Id.* Thus, although "the statute does not expressly state that proof of insurance must be written, the term 'proof' clearly contemplates verification beyond mere assumption or knowledge. We find no legal or common sense support for the assertion that knowledge or assumption of a fact constitutes proof of that fact." *Id.* at 638.

In *Travelers Indemnity Company v. Armstrong*, 565 S.W.3d 550, 564 (Ky. 2018), our Supreme Court explained the dichotomy between the title holder as owner of a car and constructive ownership of a car under KRS 186.010(7).

> Because Kentucky is a certificate of title state, the title holder is normally considered the "owner" of the vehicle according to statutes. However, KRS 186.010(7) outlines a way that licensed motor vehicle dealers,

despite being the title holder of the vehicle, will not be considered the "owner." If the transaction in question is to a purchaser for use, or a consumer buyer for use on the roadways of Kentucky, the dealer must comply with all the relevant requirements of KRS 186A.220, including section 5 to verify proof of insurance.

*Id.* Although *Armstrong* involved a different factual scenario than the case at hand, the Court reiterated "the burden is on the dealer, when selling to a purchaser for use, to actively verify that the buyer has insurance before transferring possession of the vehicle." *Id.* at 567 n.10. Where the dealer fails "to promptly comply with the requirements of KRS 186A.220(5) in a transaction with a purchaser for use [such failure] cannot be cured and the dealer may still be considered the 'owner' of the vehicle in question." *Id.*

Here, the circuit court erred in granting summary judgment in favor of Used Cars on the basis that it "substantially complied" with KRS 186A.220. Record at 127. Our Supreme Court has specifically held a dealer must "strictly comply with the statutory procedures of KRS 186A.220(5)" to "validly transfer ownership[.]" *Gainsco*, 191 S.W.3d at 637. Our Supreme Court made clear that "the dealer must receive proof of [the buyer's] insurance." *Id.*

Although Tarter signed the agreement averring he had an insurance policy covering the car, Used Cars failed to obtain "verification beyond mere assumption or knowledge." *Id.* at 638. The burden was on Used Cars to actively verify Tarter had insurance as required by KRS 186A.220(5)(b). Although neither

case explicitly states, both *Gainsco* and *Armstrong* imply the dealer must obtain first-hand verification of the existence of an insurance policy covering the car. The method of verification is immaterial, but these cases indicate that, although verification need not be written, the dealer must confirm the purchaser has a valid insurance policy covering the purchased car in some manner.

Based on the finding that Used Cars substantially complied with KRS 186A.220(5)(b), it is clear Used Cars did not strictly comply with the statute in relying on Tarter's signature on the agreement as proof of insurance. Used Cars's reliance on the agreement constituted mere assumption and was not sufficient under *Gainsco* and *Armstrong*. Therefore, we hold the circuit court erred in granting summary judgment in favor of Used Cars.

For the foregoing reasons, we reverse the judgment of the circuit court and remand the case for further proceedings.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Larry F. Sword
Somerset, Kentucky

BRIEF FOR APPELLEE:

Ernest H. Jones, II
Jamie Wilhite Dittert
Katie Bouvier
Lexington, Kentucky